IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DAVID E. MACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 4:14-cv-00200-RAS-DDB |
| MIDLAND CREDIT MANAGEMENT, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S MOTION TO DISMISS**

**COMES NOW** defendant Midland Credit Management, Inc. ("Midland"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(1), hereby files this Motion to Dismiss Plaintiff David E. Mack's ("Plaintiff") Amended Complaint ("Complaint") for lack of subject matter jurisdiction. In support of its Motion, Midland states as follows:

**I. INTRODUCTION**

Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction because Midland has served on Plaintiff an Offer of Judgment ("Offer") that provides Plaintiff the complete relief he could recover in this case. Plaintiff's Complaint asserts violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and Texas Business Code § 305.053. Plaintiff's FDCPA claims carry maximum statutory damages penalty of $1,000.00 per case, plus reasonable attorney's fees and costs, and Plaintiff's TCPA and state law claims carry a maximum statutory damages penalty of $1,500, plus costs. Midland has served on Plaintiff, contemporaneously with the filing of this Motion, an Offer, pursuant to Fed. R. Civ. P. 68, that presents Plaintiff with

$2,501.00, plus reasonable costs[1] as determined by the Court. While the FDCPA, TCPA, and Texas Business Code § 305.053 allow for the recovery of actual damages, Plaintiff's Complaint fails to allege any actual injury or seek any such damages. Therefore, based on the allegations in Plaintiff's Complaint at the time the Offer was made, **the Offer presented Plaintiff with more than the complete relief he could recover in this action**. Because Plaintiff cannot recover any amount above what was presented in the Offer, Plaintiff's claims are mooted, and there is no longer a case or controversy that confers jurisdiction upon this Court. Accordingly, this case must be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(1).

## II. FACTUAL AND PROCEDURAL HISTORY

1. On March 14, 2014, Plaintiff filed a Petition against Midland in the Collin County, Texas Justice Court alleging violations of the FDCPA, TCPA, and Texas law. (*See* Doc. 3.)

2. On April 3, 2014, Midland filed a Notice of Removal removing the action to this Court. (*See* Doc. 1.)

3. On April 8, 2014, Plaintiff filed a First Amended Complaint alleging violations of the TCPA, FDCPA, and Texas law based on a single call allegedly made to his cell phone. (*See* Doc. 5. ¶ 7.)

4. Plaintiff's Complaint asserts violations of sections 1692d and 1692d(6) of the FDCPA for failing to identify who was calling Plaintiff and failing to identify the purpose of the call. (*See id.* at ¶¶ 15-16.) Plaintiff also alleges that Midland violated the TCPA and § 305.053 of the Texas Business Code by calling his cell phone number using an automatic telephone dialing system without his prior consent. (*See id.*)

---

[1] Because Plaintiff is proceeding *pro se*, he is not entitled to attorney's fees. *See, e.g., Gatling v. CitiMortgage, Inc.*, No. H-11-2879, 2012 WL 3756581, at *14 (S.D. Tex. Aug. 28, 2012).

5. As relief, Plaintiff requests statutory damages, costs, and attorney's fees. (*See* Doc. 5, ¶¶ 18, 20.)

6. On April 22, 2014, contemporaneously with the filing of this Motion to Dismiss, counsel for Midland emailed and mailed Plaintiff a letter containing an Offer of Judgment for $2,501.00, plus costs relating to Plaintiff's claims against Midland for the alleged violations of the FDCPA, TCPA, and Texas Business Code § 305.053. (*See* Ex. A.)

### III. STANDARD OF REVIEW

A motion to dismiss for lack of subject matter jurisdiction may be made at any time. *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978). Furthermore, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). The court's jurisdiction to consider a plaintiff's claim is limited by Article III of the United States Constitution, which permits federal courts to consider only actual "cases" and "controversies." U.S. Const., Art. III; *see Ctr. for Biological Diversity, Inc. v. BP Am. Production Co.*, 704 F.3d 413, 424 (5th Cir. 2013). "A case becomes moot -- and therefore no longer a 'Case' or 'Controversy' for purposes of Article III -- when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *See Sepulvado v. Jindal*, 739 F.3d 716, 718-19 (5th Cir. 2013) (quoting *Already, LLC v. Nike, Inc.* --- U.S. ---, 133 S. Ct. 721, 726-27 (2013)).

### IV. ARGUMENT

**A. Plaintiff's Complaint Must Be Dismissed, With Prejudice, Because This Court Lacks Subject Matter Jurisdiction.**

Plaintiff's Complaint must be dismissed because this Court now lacks subject matter jurisdiction over Plaintiff's claims. "A threshold issue of subject matter jurisdiction is justiciability." *See Jones v. CBE Group, Inc.*, 215 F.R.D. 558, 562 (D. Minn. 2003) (citing

*McCarney v. Ford Motor Co.*, 657 F.2d 230, 233 (8th Cir. 1981)). The judicial authority of federal courts is limited by Article III of the U.S. Constitution. Article III, Section II provides that the "judicial Power" of federal courts extends only to "cases" and "controversies." U.S. Const. Art. III, § 2. "A controversy becomes moot where, as a result of intervening circumstances, there are no longer adverse parties with sufficient legal interests to maintain the litigation. . . . A controversy can also become moot when the parties lack a legally cognizable interest in the outcome." *See Goldin v. Bartholow*, 166 F.3d 710, 717 n.7 (5th Cir. 1999) (quoting *Chevron, U.S.A. v. Trailor Oil Co.*, 987 F.2d 1138, 1153 (5th Cir. 1993)). In other words, to sustain jurisdiction "the parties must continue to have a personal stake in the outcome of the lawsuit." *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

Numerous federal courts have recognized that an Offer of Judgment that satisfies a plaintiff's FDCPA or TCPA claim moots the claim and requires its dismissal. *See Jones*, 215 F.R.D. at 565 (dismissing the plaintiff's FDCPA claim as moot); *Tallon v. Lloyd & McDaniel*, 497 F. Supp. 2d 847, 852 (W.D. Ky. 2007) (same); *Ambalu v. Rosenblatt*, 194 F.R.D. 451, 453 (E.D.N.Y. 2000) (same); *Lewis v. Cent. Credit Servs., Inc.*, No. 09-22406-CIV-HUCK/O'SULLIVAN, Doc. 32 (S.D. Fla. June 10, 2010) ("[T]he full offer of judgment on Plaintiff's FDCPA claim renders that claim moot."); *Masters v. Wells Fargo Bank S. Cent., N.A.*, No. A-12-CA-376-SS, 2013 WL 3713492, at *4 (W.D. Tex. July 11, 2013) ("Wells Fargo's offer to fully satisfy Masters's TCPA claim deprives Masters of a personal stake in the outcome of that claim."). Indeed, a plaintiff "may not spurn [an] offer of all the damages he is owed and proceed to trial." *See Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994). There is also no requirement that the plaintiff deny the offer before the defendant moves for dismissal because "**[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over**

**which to litigate . . . .**" *Rand*, 926 F.2d at 598 (emphasis added); *see also Masters*, 2013 WL 3713492, at *4 (citing *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 921 & n.5 (5th Cir. 2008)).

After initially filing his Complaint, Plaintiff's FDCPA, TCPA, and Texas law claims satisfied the constitutional case or controversy requirement. Since then, however, Plaintiff has been offered more than his maximum amount of potential recovery and now this Court lacks subject matter jurisdiction over this proceeding. The FDCPA allows a plaintiff to recover "any actual damage sustained" as a result of the debt collector's violation of the FDCPA, as well as "such additional damages as the court may allow, but not exceeding $1,000," and "the costs of the action together with a reasonable attorney's fee determined by the court." 15 U.S.C. § 1692k(a)(1). The maximum $1,000 statutory penalty is also limited to per action, not $1,000 per violation. *See Peter v. GC Servs. LP*, 310 F.3d 344, 352 n.5 (5th Cir. 2002).

In turn, the TCPA prohibits making a call to a cell phone using an automatic telephone dialing system or an artificial or prerecorded voice, unless the call is made for emergency purposes or with prior express consent. *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA allows a plaintiff to recover "actual monetary loss from such violation, or receive up to $500 in damages for each such violation, whichever is greater." *See* 47 U.S.C. § 227(b)(3)(B). The TCPA also authorizes treble damages, if the court finds that the defendant willfully or knowingly violated the TCPA. *See id.* at § 227(b)(3)(C). A plaintiff cannot recover attorney's fees under the TCPA.[2] *See Bank v. Spark Energy Holdings LLC*, No. 4:11-CV-4082, 2013 WL 5724507, at *4 (S.D. Tex. Oct. 18, 2013).

---

[2] Even if it did, Plaintiff is not entitled to attorney's fees because he is *pro se*. *See id.*

Plaintiff's Complaint seeks statutory damages, costs, and reasonable attorney's fees based on one call made to his cell phone. (*See* Doc. 5, ¶ 7.) Plaintiff's Complaint does not seek or allege any compensatory or actual damages. (*See generally* Doc. 5.) Assuming Plaintiff would be able to prove the alleged violations of the FDCPA and TCPA, his damages would be limited to a maximum of $2,500.00, plus costs of the action. On April 22, 2014, Midland served Plaintiff with an Offer of $2,5001, plus costs. (*See* Ex. A.) Thus, Plaintiff's requested relief is more than satisfied by Midland's Offer, and there is no longer any case or controversy with respect to Plaintiff's claims. Accordingly, Midland's Offer moots the Plaintiff's claims and requires dismissal of the entire action.

    **B.**     **Plaintiff Is Not Entitled to Double Recovery Under Both the TCPA and Texas Business Code § 305.053.**

Plaintiff's Complaint alleges violations of both the TCPA and Texas Business Code § 305.053. The Texas Business Code provides that "[a] person who receives a communication that violates 47 U.S.C. § 227 . . . may bring an action in this state against the person who originates the communication." *See* Tex. Bus. Code § 305.053(a). Like the TCPA, the Texas Business Code allows a plaintiff to recover $500 for each violation or actual damages, whichever is greater. *See id.* at § 305.053(b). A plaintiff may also recover up to $1,500 in treble damages for each violation or three times the plaintiff's actual damages, if the court finds that the defendant knowingly or intentionally violated the TCPA. *See id.* at § 305.053(c).

Recently, the *Masters* court determined that a plaintiff is not entitled to double recovery under both the TCPA and Texas Business Code § 305.053 for a single violation. *See Masters*, 2013 WL 3713492, at *3. The court said that "[t]here is no indication in either the TCPA or in Texas's analogue that either legislative body intended to allow double recovery under both state and federal law for the same TCPA violations." *See id.* Rather, federal and state courts have

concurrent jurisdiction over TCPA claims, and the Texas statute was adopted to allow Texas citizens to enforce TCPA violations in a state forum. *See id.* (citing *Mims v. Arrow Fin. Servs., LLC*, --- U.S. ---, 132 S. Ct. 740, 747 (2012)). In other words, "plaintiffs have a choice of forum rather than two separate avenues for recovery." *See id.*

Even if Plaintiff could recover under both statutes (though he cannot), his TCPA claim fails as a matter of law because he alleged that he received **only one phone call**. (*See* Doc. 5, ¶ 7.) The TCPA provides that "[a] person who has received **more than one telephone call** within any 12-month period by or on behalf of the same entity in violation" of the TCPA may bring a private cause of action. *See* 47 U.S.C. § 447(c)(5) (emphasis added). "One call alone within a 12-month period does not violate the TCPA." *See Hamilton v. Spurling*, No. 3:11cv00102, 2011 WL 6372215, at *2 (S.D. Ohio Dec. 20, 2011) (citing *Chavrat v. GVN Mich., Inc.*, 561 F.3d 623 (6th Cir. 2009)). Because Plaintiff cannot meet this threshold requirement, his TCPA and Texas law claim must be dismissed for failure to state a claim upon which relief may be granted.

## V. CONCLUSION

Based on the foregoing, Plaintiff's FDCPA, TCPA, and Texas law claims are due to be dismissed as there is no "case" or "controversy" remaining with regard to those claims.

**WHEREFORE**, premises considered, Midland respectfully requests that this Court enter an Order dismissing Plaintiff's entire Complaint, with prejudice.

Respectfully submitted this 22nd day of April, 2014.

                                       s/ Reid S. Manley
                                       Reid S. Manley
                                       Texas Bar No. 24047520
                                       BURR & FORMAN LLP
                                       420 North 20th Street, Suite 3400
                                       Birmingham, Alabama 35203
                                       Telephone: (205) 251-3000
                                       Facsimile: (205) 458-5100
                                       rmanley@burr.com

>Attorney for Defendant
>MIDLAND CREDIT MANAGEMENT, INC.

## CERTIFICATE OF SERVICE

 I hereby certify that a copy of the foregoing document has been served on the following by Electronic Filing, and/or by U.S. First Class Mail, hand delivery, fax or email on this 22nd day of April, 2014:

>David E. Mack
>7720 McCallum Boulevard, #2099
>Dallas, Texas 75252
>Telephone: (972) 735-9642
>Email: mack2001@swbell.com

>>s/ Reid S. Manley
>>OF COUNSEL